904

(January 5, 1970)

■ In the Matter of DAVID KUSMIER, Admitted as DAVID X. KUSMIER, an Attorney, Respondent. SUFFOLK COUNTY BAR ASSOCIATION, Petitioner.— Renewed application by respondent (who was disbarred by order of this court dated March 4, 1963) (1) to confirm the report of the Referee who was designated as such upon respondent's previous application to vacate said disbarment order, (2) to vacate the disbarment order and (3) to reinstate him as a member of the Bar. Application referred to the Committee on Character and Fitness for the Tenth Judicial District for (1) investigation and hearing as to whether petitioner presently possesses the requisite character and fitness for an attorney and counselor at law and (2) a report setting forth the committee's findings and recommendations. The present application will be held in abeyance pending receipt of such report. Brennan, Acting P. J., Hopkins, Benjamin, Munder and Kleinfeld, JJ., concur.

■ In the Matter of HARRY SCHNEIDERMAN, Petitioner. BROOKLYN BAR ASSOCIATION, Respondent.— Application by a suspended attorney, whose period of suspension has expired, for reinstatement as an attorney and counselor at law. Application referred to the Committee on Character and Fitness for the Second Judicial District for further investigation, hearing and report, with particular attention to petitioner's (1) debts existing on, or incurred since, June 1, 1966, the date of the commencement of the suspension (dates incurred, dates paid balances due, reasons for non-payment) and (2) income since June 1, 1966. Pending such report, the application shall continue to be held in abeyance. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ In the Matter of NANCY C. DUVAL, Appellant, v. HENRY CATHERWOOD, Respondent.— Petitioner appeals from (1) so much of an order of the Family Court, Suffolk County, dated April 22, 1969, as amended a prior order of said court by increasing the amount that respondent is required to pay for support to only $108.88 every two weeks, and (2) a payroll deduction order of the same court, also dated April 22, 1969. First above-mentioned order modified, on the law and the facts, by adding thereto a provision directing respondent to pay to appellant, at the same times that the biweekly support payments are required to be made thereunder, an additional amount of $20 on account of arrears of support; and second above-mentioned order modified, on the law and the facts, by increasing the amount set forth in the decretal provisions thereof from $108.88 to $128.88, so as to include $20 on account of arrears. As so modified, orders affirmed insofar as appealed from, without costs. In our opinion, the failure of the court below to include provisions for payment of arrears was apparently inadvertent since the only issue before it was the question of increased support based on respondent's increased earnings. Brennan, Acting P. J., Hopkins, Benjamin, Munder and Kleinfeld, JJ., concur.